**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**RICHARD LEE HUNT, JR.,**

      **Petitioner,**

**v.**                                     **Civil Action No. 3:16cv29
(GROH)**

**DAVID BALLARD, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On March 17, 2016, the *pro se* Petitioner, Richard Lee Hunt, Jr. ("Hunt"), filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. ECF No. 1. Pursuant to a Notice of Deficient Pleading by the Clerk of Court, on April 4, 2016, Petitioner filed a motion to proceed as a pauper and a copy of his Prisoner Trust Account Report with ledger sheets and paid his $5.00 filing fee.  ECF Nos. 6, 7, & 5.   Petitioner's motion to proceed as a pauper was denied as moot on April 8, 2016. ECF No. 8. That same day, the undersigned made a preliminary review of the petition and found that summary dismissal was not warranted. Accordingly, the Respondent was directed to show cause why the petition should not be granted. ECF No. 9. On May 9, 2016, the Respondent filed an Answer, Motion to Dismiss, and Memorandum in Support of the Motion. ECF Nos. 11, 12, & 13. On May 11, 2016, the undersigned entered an Order directing the Clerk to send Petitioner a Roseboro Notice. ECF No. 14.

On May 18, 2016, Petitioner filed a Motion to Stay. ECF No. 16. An Amended Roseboro Notice was issued on May 31, 2016.  ECF No. 17. On June 13, 2016, Petitioner filed a letter to

the clerk, attention to the undersigned, that was documented as a response to the Motion to Dismiss. ECF No. 20.

Because Petitioner's expressed wishes in the Motion to Stay and the later-filed letter to the court were contradictory, by Order entered on July 28, 2016, Petitioner was directed to advise the Court as to whether he wished to seek an Order staying and abeying his case, or whether he wished to abandon his unexhausted claim, and Respondent was directed to provide a supplemental answer addressing (1) whether a stay was appropriate in this case and (2) addressing Petitioner's unexhausted grounds. ECF No. 21.

On August 11, 2016, Petitioner filed a Motion to Abandon Unexhausted Ground[]. ECF No. 23. The Respondent moved for an extension of time on August 24, 2016; by Order entered August 25, 2016, the extension was granted. ECF Nos. 24 & 25.

By separate Orders entered on September 7, 2016, Respondent's Motion to Dismiss was denied as moot; Petitioner's Motion to Abandon Unexhausted Ground[] was granted; and Petitioner's Motion to Stay was denied as moot. ECF Nos. 27, 28 & 29.

On September 30, 2016, the Respondent filed an Amended Answer and a Motion for Summary Judgment with a memorandum in support. ECF Nos. 31, 32, & 33. Another Roseboro Notice issued on November 2, 2016. ECF No. 34. On November 21, 2016, Petitioner filed another Motion to Stay. ECF No. 36. By Order entered November 22, 2016, Petitioner's Motion to Stay was denied but the State was directed to provide Petitioner with the copies he requested, and the time for Petitioner to respond was re-set. ECF No. 37. Petitioner moved for an extension of time on December 16, 2016. ECF No. 39. By Order entered December 20, Petitioner's second motion for an extension of time was granted. ECF No. 40. Petitioner moved for a third extension of time on January 19, 2017. ECF No. 42. By Order entered January 24,

2017, Petitioner's third motion for an extension was granted. ECF No. 43.  Petitioner filed his response to the Respondent's summary judgment motion on March 1, 2017.  ECF No. 46.  By Order entered March 14, 2017, the Respondent was directed to file a copy of the West Virginia Supreme Court of Appeals ("WVSCA") mandate issued in Petitioner's state habeas appeal. ECF No. 48.  Respondent filed the copy of the mandate on March 16, 2017. ECF No.  51.

**A.  Facts**

In May, 1999, in Calhoun County, West Virginia, Petitioner was indicted by the Grand Jury on two counts of sexual abuse in the first degree, and two counts of sexual abuse by a parent, guardian or custodian. Ballard v. Hunt, 235 W. Va. 100, 101, 772 S.E.2d 199, 200 (2015); see also ECF No. 12-1 at 6. The offenses occurred between September 1998 and December 1998, when Petitioner, then 24 years old, had the minor victim A.J.K., an 11-year-old boy, accompany him on Petitioner's "extensive, evening newspaper [delivery] route which included various rural areas." Hunt, 235 W. Va. 100, 101 - 02, 772 S.E.2d 199, 200-01.

**B.  State Trial Proceedings**

After a three-day trial in the Circuit Court of Calhoun County, during which Petitioner was represented by attorney David Karickhoff, on May 18, 2000, after deliberating for only about thirty minutes, the jury convicted Petitioner on all four counts. ECF No. 12-1 at 6.

On July  28, 2000, the circuit court sentenced Petitioner to consecutive one-to-five year sentences for the first-degree sexual abuse charges, and consecutive ten-to-twenty year sentences for each of the sexual abuse by a custodian charges, resulting in an effective sentence of twenty-two to fifty years. ECF No. 12-1 at 7.

**C. Direct Appeal**

On August 28, 2000, Petitioner filed a Notice of Intent to Appeal.  See ECF No. 12-1 at 7. Petitioner's appeal to the WVSCA, filed by trial counsel David Karickhoff, raised these claims of error:

1) opinion testimony on Petitioner's diagnosis of pedophilia was wrongfully admitted at trial; ECF No. 12-2 at 12.

2) Petitioner's relevant evidence regarding the physical impossibility of the minor victim A.J.K.'s ability to sit on his lap in the vehicle and drive the car was wrongfully excluded [id. at 15];

3) evidence of Petitioner's prior sexual abuse conviction was wrongfully admitted at trial [id. at 16]; and

4) the evidence was insufficient to support the verdicts in the case. Id. at 20.

By Order entered March 21, 2001, the WVSCA refused the appeal.[1]  ECF No. 12-2 at 2.

## D. Rule 35 Motion

On April 2, 2001, three days after his petition for appeal was denied, Petitioner filed a W.Va. Rule 35 Criminal Procedure motion, seeking a sentence reduction.  ECF No. 12-3 at 2. Nine years later, on February 3, 2010, that motion was denied. ECF No. 12-4 at 2.

## E. State Habeas

Petitioner filed his state habeas petition in Case No. 06-C-22 in the Circuit Court of Calhoun County, West Virginia on September 27, 2006, by filing a pro se petition, contending that

1) the trial court permitted the introduction of opinion testimony that Petitioner was a diagnosed pedophile;

2) trial court committed error by preventing the admission of evidence relevant to Petitioner's defense;

---

[1] Although Respondent's memorandum in support of its summary judgment motion states that this date was March 29, 2001, not March 21, 2001 [ECF No. 33 at 5], that date was taken from the incorrectly-stated date in the circuit court's judgment order [ECF No. 12-1 at 7].  The date was correctly stated in Hunt's motion for reduction of sentence [ECF 12-3 at 2] and is verified by a stamp on the left side margin of the copy of Hunt's petition for appeal to the WVSCA, which states it was "refused" on March 21, 2001. See ECF No. 12-2 at 2.

3) the trial court permitted evidence of Petitioner's prior conviction;

4) the trial court denied Petitioner's motion for a judgment of acquittal; and

5) there was insufficient evidence to support the verdicts, because the alleged victim's account was inherently incredible and there was no showing that Petitioner was the victim's custodian. ECF No. 12-5 at 3.

Further, Petitioner requested appointed counsel for a post-conviction habeas hearing as required by <u>Losh v. McKenzie</u>,[2] to "go over the list of fifty-three (53) grounds that might be considered in a Habeas Corpus Action." <u>Id.</u> at 3 – 4.

On October 10, 2006, counsel was appointed to represent Petitioner. ECF No. 12-5 at 6.

On May 12, 2008, through appointed counsel G. Ernest Skaggs ("Skaggs"), Petitioner filed an amended state habeas petition.  ECF No. 12-6 at 2.  In it, Petitioner raised these grounds:

1) trial counsel was ineffective for failing to obtain a psychiatric and psychological evaluation on Petitioner [<u>id.</u> at 3];

2) venue was improper [<u>id.</u> at 4];

3) Petitioner received a more severe sentence than he expected [<u>id.</u>]; and

4) the curative jury instruction given by the court was insufficient to overcome the prejudice created by the introduction of evidence of the prior sexual abuse conviction. <u>Id.</u> at 5.

5) Petitioner believes he was mentally incompetent at the time of the alleged crimes and at trial, even though it was not asserted. <u>Id.</u>

6) Petitioner asserts that he was incapable of standing trial due to drug abuse. <u>Id.</u>

7) Petitioner believes that to be charged and convicted of both sexual abuse in the first degree and sexual abuse by a custodian constitutes double jeopardy. <u>Id.</u> at 6.

8) Prejudicial statements about Petitioner were made by the trial judge and the prosecutor. <u>Id.</u>

9) Petitioner believes that on at least one occasion, the prosecution failed to turn over witness notes after the witness testified. <u>Id.</u>

---

[2] <u>Losh v. McKenzie</u>, 166 W.Va. 762, 277 S.E. 2d. 606 (1981).

10) Petitioner believes that the refusal of his request for a continuance prejudiced his case. Id.

11) Petitioner believes that the court made constitutional errors in evidentiary rulings which denied him due process and a fair trial. Id.

12) The evidence at trial was insufficient to convict Petitioner on all counts.  Id. at 7.

Further, Petitioner attached a Losh checklist of grounds[3] for post-conviction relief, raising these challenges:

13) the trial court lacked jurisdiction [id. at 8];

14) Petitioner's mental competency at the time of the crime [id. at 9];

15) mental competency at time of trial, even if not asserted [id.];

16) incapacity to stand trial due to drug abuse [id.];

17) consecutive sentences for the same transaction [id.];

18) suppression of helpful evidence by prosecutor [id.];

19) State's knowing use of perjured testimony [id.];

20) ineffective assistance of counsel [id.];

21) double jeopardy [id.];

22) improper venue [id. at 10];

23) refusal to turn over witness notes after the witness testified [id.];

24) claim of incompetence at time of offense, as opposed to [time of] trial [id.];

25) constitutional errors in evidentiary hearings [id.];

26) instructions to the jury [id.];

27) claims of prejudicial statements by trial judges [id.];

28) claims of prejudicial statements by prosecutors [id.];

---

[3] These grounds as listed are re-numbered here from their original numeration on the Losh list.

29) sufficiency of evidence [id.];

30) more severe sentence than expected  [id.]; and

31) excessive sentence. Id.

After the state filed its response on May 29, 2008, an omnibus hearing was held on September 21, 2009.  ECF No. 12-7 at 9.

On January 21, 2014, the Circuit Court of Calhoun County entered a Judgment Order Granting Petition and Amended Petition for a Writ of Habeas Corpus *Ad Subjiciendum*, on the ground that Petitioner was denied his right to a fair trial and due process.  ECF No. 12-1 at 19. Petitioner's convictions and sentences were vacated.  Id.

**F. Appeal of State Habeas**

The state appealed,[4] contending that the Circuit Court of Calhoun County had "granted . . . . [Hunt's] habeas petition solely based upon the allegations contained in Ground Eight . . . reversing . . . [Hunt's] conviction and entitling him to a new trial[.]" ECF No. 12-7 at 9.  The state argued that the circuit court erred in its findings as to application of West Virginia law, or at "the very least, in its conclusion that the facts as contained in Ground Eight amounted to anything more than harmless error." Id.

In its April 9, 2015 opinion, the WVSCA reversed the Circuit Court of Calhoun County's January 21, 2014, order, overturning the grant of habeas relief and reinstating Hunt's convictions and sentences. The WVSCA reasoned that the habeas court erred in granting Hunt a new trial because, while Hunt's prior conviction for the 1994 sexual abuse of his nine-year old stepsister was properly admitted under W. Va. R. Evid. 404(b), the prosecutor's comments and the expert opinion evidence as to pedophilia were improper under Rule 404(a). Nonetheless, it found that

---

[4] The State's motion to stay Hunt's release from prison, pending the outcome of the appeal, was granted. See Ballard v. Hunt, 235 W.Va. 100, 103 (2015).

the error was harmless, given that the state's evidence overwhelmingly established Hunt's guilt for the crimes; the jury was given a limiting instruction; the error did not rise to the level of a constitutional violation or otherwise violate Hunt's substantial rights; and the prejudice was not so unfair that Hunt should be granted a new trial. Ballard v. Hunt, 235 W.Va. 100 (2015). Mandate issued on the WVSCA's opinion on May 11, 2015.  ECF No. 51-1.

### E. Petitioner's § 2254 Petition

The petition, filed on March 17, 2016, without a memorandum in support, originally raised three grounds for relief, contending that

1) The circuit court's enhanced sentence, creating an aggregate sentence of twenty-two to fifty-five [years], is contrary [to] the sanction schedule established by the West Virginia Legislature, and the resulting illegal sentence violates Petitioner's constitutional rights as secured by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. ECF No. 1 at 4.

2) Petitioner was denied due process of law as guaranteed by the Fifth and Fourteenth Amendments due to unfair prejudice resulting from multiple references at trial (by the prosecutor and the state's expert) to Petitioner as a pedophile. Id. at 6.

3) Petitioner was denied equal protection of the law as secured by the Fourteenth Amendment when the WVSCA ruled that opinion evidence of an expert witness proffered by the State in a criminal prosecution, merely to show that the accused had the character trait of a pedophile under the Diagnostic and Statistical Manual of Mental Disorders of the American Psychiatric Association, 4th Ed. ("DSM-IV"), was inadmissible in a state trial, but nonetheless, Petitioner was denied a new trial, predicated on those precise violations of his Fifth and Fourteenth Amendment due process rights. Id. at 9.

As relief, Petitioner requests an evidentiary hearing on the issues that the state court did not fully develop, that this court find that the state court's determinations were contrary to clearly established law, and that his convictions be vacated.  Id. at 15.

### Respondent's Motion for Summary Judgment

Respondent's original Answer concedes that the petition is timely.  ECF No. 11 at 2.

Respondent's Supplemental Answer notes that Petitioner has abandoned his Ground One claim.  ECF No. 31 at 1.

Respondent argues that summary judgment should be granted in its favor because

1) there is no clearly established authority showing that the erroneous admission of propensity evidence violates Due Process. ECF No. 33 at 8.

2) Even if the admission of propensity evidence constituted a Due Process violation, Petitioner would not be entitled to habeas relief because the admission of that evidence did not have a "substantial effect" on the jury's verdict, and therefore, it was harmless. Id. at 11.

**Petitioner's Response to Respondent's Motion for Summary Judgment**

Petitioner reiterates his arguments and attempts to refute the Respondent's on the same, contending that Respondent failed to inform the court that the prosecutor's improper references to Petitioner as a pedophile during trial are also at issue in these proceedings, along with the improperly admitted propensity evidence. ECF No. 46 at 8.

## II. Standard of Review

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587- 88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 - 49 (1986).

In viewing the motion for summary judgment, the Court must do so under the constraints imposed by the habeas statue. Under § 2254, this Court may not grant federal habeas relief unless it concludes that West Virginia's adjudication of the claim "was contrary to, or involved

an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C.A. § 2254(d)(1); see also Williams v. Taylor, 529 U.S. 362 (2000). A state court decision is "contrary to . . . clearly established Federal law, as determined by the Supreme Court," 28 U.S.C.A. § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by the Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 405. A state court decision "involves an unreasonable application of[] clearly established Federal law, as determined by the Supreme Court," 28 U.S.C.A. § 2254(d)(1), if the state court decision "identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 412. An objectively "unreasonable application of federal law is different from an incorrect or erroneous application of federal law." Id. Thus, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable" for habeas relief to be granted. Id. at 411.

As these principles make clear, § 2254(d) imposes a powerful limit on the relitigation of claims that have already been rejected by state courts:

> [Section 2254(d)] preserves authority to issue the writ in cases where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. Jackson v. Virginia, 443 U.S. 307, 332 n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.

10

Harrington v. Richter, 131 S.Ct. 770, 786–87 (2011). A habeas petitioner proceeding under §2254 bears the burden of showing that he is entitled to habeas relief under this highly deferential standard.

Finally, determinations of factual issues by the state court are presumed to be correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). "Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part*." Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010). This standard "reflects Congress's view that there is no reason for a do-over in federal court when it comes to facts already resolved by state tribunals." Id. Accordingly, courts should not "casually cast aside a state court's factual findings. Id.

### III. Analysis

#### A. Exhaustion of State Court Remedies

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies.  See 28 U.S.C. §2254(b).  Absent a valid excuse, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies.  Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied,* 490 U.S. 1076 (1989).  To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997), cert. denied, 522 U.S. 833 (1997).  "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim.  The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911.  "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by

citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. 27, 32 (2004); see also Howell v. Mississippi, 543 U.S. 440, 444 (2005).  A claim is not "fairly presented" if the state court "must read beyond a petition or a brief . . . in order to find material" that alerts it to the presence of a federal claim. Baldwin, 541 U.S. at 32 (concluding that a petitioner does not "fairly present" an issue for exhaustion purposes when the appellate judge can only discover the issue by reading a lower court opinion in the case).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the WVSCA.  See Moore v. Kirby, 879 F.Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F.Supp. 113, 114 (N.D. W.Va. 1993).  A federal court may only consider those issues the petitioner presented to state court,[5] and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. §2254(c).

In addition, it is petitioner's burden to demonstrate that he has exhausted his state judicial remedies.  Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998), cert. denied, 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition."  Id.  "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal

---

[5] Picard v. Connor, 404 U.S. 270 (1971).

court, but in state court." Duncan v. Henry, 513 U.S. 364, 365 (1995).  Further, in addition to providing the state court with the facts supporting the claimed constitutional violation, the petitioner must also "explain how those alleged events establish a violation of his constitutional rights." Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994).  Finally, a petitioner must show that the claims he raised in the state proceedings are the exact same claims he is raising in a federal habeas petition.  See Pitchess v. Davis, 421 U.S. 482, 487 (1975); see also Picard v. O'Connor, 404 U.S. 270, 275 – 76 (1971). "It is not enough that all the facts necessary to support the federal claims were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982)(internal citations omitted).  Not only must the claim itself be the same, but the same factual grounds must be raised in support of the claims in state court as in federal court, and a specific federal constitutional claim must be raised in the state proceedings. Id.

Here, petitioner has filed a direct appeal to the WVSCA which was refused, and a state habeas petition, which he initially prevailed upon; that victory, however, was was short-lived, because it was reversed by the WVSCA upon the state's appeal.

In his §2254 petition, Hunt makes two interrelated claims, contending in Ground Two that he was denied due process of law as guaranteed by the Fifth and Fourteenth Amendments due to unfair prejudice resulting from multiple references at trial by the prosecutor and the expert witness to him as a pedophile, and in Ground Three, that he was denied equal protection of the law under the Fourteenth Amendment, when the WVSCA ruled that opinion evidence of an expert witness proffered by the State in a criminal prosecution, merely to show that the accused had the DSM-IV character trait of a pedophile, was inadmissible in a state trial, but that

13

nonetheless, he was denied a new trial, predicated on those precise Fifth and Fourteenth Amendment rights violations of due process.

Although *pro se* petitions are to be liberally construed as set forth in <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), habeas petitions must meet heightened pleading requirements. <u>McFarland v. Scott</u>, 512 U.S. 849 (1994). "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." <u>Blackledge v. Allison</u>, 431 U.S. 63, 75, n. 7 (1977) (internal quotations omitted). A habeas petitioner must come forth with evidence that a claim has merit. <u>Nickerson v. Lee</u>, 971 F. 2d 1125, 1136 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993). Unsupported, conclusory allegations do not entitle a habeas petitioner to relief. <u>Id.</u>

Before proceeding, the undersigned finds it necessary to make a finding regarding whether the remaining grounds for relief in the petition are exhausted. Hunt's petition is either ambiguous or silent as to whether he exhausted his two remaining claims. <u>See</u> ECF No. 1 at 9 & 11. The Respondent's original Answer only contended that Petitioner's Ground One was not exhausted. ECF No. 11 at 2. By inference, Respondent appeared to concede that Petitioner's Grounds Two and Three claims were exhausted. <u>Id.</u> at  2 – 3. In its subsequent memorandum in support of its summary judgment motion, Respondent appears to assert that Petitioner exhausted his state court remedies with respect to his Ground Two and Ground Three claims regarding the prejudicial opinion testimony of the expert as to Petitioner being a pedophile. ECF No. 33 at 7. Petitioner's response is silent as to the issue. ECF No. 46.

After a thorough review of the record before me, even affording the most liberal construction to Petitioner's two claims, the undersigned concludes that neither of Petitioner's two remaining claims can be considered fully exhausted.

14

A careful review of the record reveals that there was no federal basis for any of the claims Petitioner raised on direct appeal, thus, nothing raised on appeal could be considered to have contributed to exhausting either of Petitioner's remaining two § 2254 claims.  Further, a review of the Circuit Court of Calhoun County's judgment order on Petitioner's amended petition for state habeas relief reveals that the claims in the amended petition were the only ones given review.  Accordingly, the claims made in Petitioner's *pro se* petition will not be considered here.[6]

Although Petitioner's amended state habeas petition makes a *similarly-worded* claim to his instant Ground Two claim, stating there (in Ground Eight), that "prejudicial statements about Petitioner [being a pedophile] were made by the trial judge and the prosecutor," it is clear from the brief argument offered in its support that it was not the *same* claim Petitioner now raises here, because there, Petitioner *only* challenged the judge and prosecutor's references to his status as a pedophile, and here, he also argues that the expert witness made prejudicial references to him as a pedophile in front of the jury. Further, there was no federal (let alone any state) constitutional component to the amended state habeas Ground Eight claim.  See ECF No. 12-6 at 6. However, Petitioner's amended state habeas Ground Eleven claim further alleged that Petitioner believed that "the court made constitutional errors in evidentiary rulings which denied him due process and a fair trial." Id. That was the sum total of this claim; Petitioner provided nothing further to expand on it. Likewise, his amended state habeas Losh list Claim Twenty-Five also alleged that there were "[c]onstitutional errors in evidentiary hearings." Id. at 10.  Again, these bare-bones allegations not only  failed to identify what evidentiary hearings/rulings Petitioner contended had

---

[6] This will not prejudice Petitioner in any way, given that he made no federal constitutional claims made in his *pro se* petition anyway. The petition was merely a list of bare-bones allegations with no argument in support, and several references to West Virginia law. See ECF No. 12-5 at 3.

prejudiced him, it was also unclear whether Petitioner was alleging a state or federal constitutional violation, given that W.Va. Constitution Art. 3 § 10 also identifies a due process right.[7]   Nonetheless, in the circuit court's habeas judgment order, the court itself notes that "[c]losely allied with . . . [Petitioner's Ground Eight] claim is the contention that the trial court made constitutional errors in the evidentiary rulings, denying petitioner due process and a fair trial." ECF No. 12-1 at 14**.** The court expanded on this connection, discussing the testimony of the state's expert witness at trial regarding Petitioner being a pedophile [id. at 14 – 15], before finally concluding that "[u]nder W.Va. law, evidentiary rulings respecting the admission of evidence are cognizable in habeas corpus only to the extent they violate specific constitutional provisions or are so egregious as to render the entire trial fundamentally unfair and thereby violate due process under the Fourteenth Amendment." Id. at 16.   Subsequently, in his brief in response to the state's appeal of his state habeas petition, for the first time, Petitioner finally argues that his due process rights under the West Virginia Constitution and under the Fourteenth Amendment were violated by the multiple references to him at trial by the prosecutor and the expert witness. See ECF No. 12-8 at 3, 4, & 8. However, nowhere does it appear that Petitioner ever exhausted the portion of his instant Ground Two claim as to the violation of his federal due process right under the Fifth Amendment.   Thus, the claim raised here is not the "exact same claim" Hunt raised in state court.   See Pitchess v. Davis, 421 U.S. at 487; see also Picard v. O'Connor, 404 U.S. at 275 – 76. "It is not enough that all the facts necessary to support the federal claims were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. at 6.  Not only must the claim itself be the same, but the

---

[7] "No person shall be deprived of life, liberty, or property, without due process of law, and the judgment of his peers."

16

same factual grounds must be raised in support of the claims in state court as in federal court, and a specific federal constitutional claim must be raised in the state proceedings. Id.

Petitioner's Ground Three claim that he was denied equal protection of the law under the Fourteenth Amendment when the WVSCA ruled that opinion evidence of an expert witness proffered by the state in his criminal prosecution, merely to show that Petitioner had the DSM-IV character trait of a pedophile, was inadmissible in a state trial, but nonetheless, he was still denied a new trial predicated on those precise Fifth and Fourteenth Amendment violations of his due process rights, is likewise unexhausted. A review of the claim made in Hunt's amended state habeas petition reveals that again, while Hunt raised a *related* claim there, it was not the *same* claim he now raises here.  In Petitioner's amended state habeas petition, his Ground Eight claim, as noted *supra*, was that "prejudicial statements about Petitioner [being a pedophile] were made by the trial judge and the prosecutor." However, it is clear from the brief argument offered in its support that it was not the *same* claim Petitioner now raises here, because there, Petitioner *only* challenged the judge and prosecutor's references to his status as a pedophile, and here, he also argues that the expert witness' references to him as having the DSM-IV criteria for a pedophile were prejudicial. Further, there was no federal or state constitutional component to the amended state habeas Ground Eight claim, let alone any specific mention of a Fifth Amendment violation or an equal protection claim.  See ECF No. 12-6 at 6.  Likewise, while Hunt's amended state habeas Ground Eleven claim contended that he believed that "the court made constitutional errors in evidentiary rulings which denied him due process and a fair trial," also as noted *supra*, Hunt failed to specify which rulings he was referring to, and did not identify whether he was claiming a federal constitutional violation in connection with the rulings, let alone make any mention of a Fifth Amendment violation or an equal protection claim. His Losh list Claim

17

Twenty-Five was that there were "constitutional errors in evidentiary hearings," without elaborating on which evidentiary hearing he was referring to; what constitutional error was committed; or whether it was a state or federal constitutional error.  Likewise, Petitioner's <u>Losh</u> list Claim Twenty-Eight was again merely that there were "prejudicial statements by *prosecutors*," not expert witnesses, and nowhere did he identify what those statements were; what federal constitutional right was violated; or assert that there was a Fifth Amendment violation or an equal protection claim.  The circuit court's judgment order expanded Petitioner's claim to make the connections to the Fourteenth Amendment violation and the expert witness' testimony, noting that "[c]losely allied with . . . [Petitioner's Ground Eight] claim is the contention that the trial court made constitutional errors in the evidentiary rulings, denying petitioner due process and a fair trial [ECF No. 12-1 at 14]," noting that the state's expert witness testified to the effect that Petitioner's Division of Corrections ("DOC") records indicated that he had a "'diagnostic impression' of being a pedophile." <u>Id.</u> at 15 – 16.  Subsequently, in Hunt's brief in response to the state's appeal of his state habeas petition, for the first time, Hunt finally asserted that his due process rights under the West Virginia Constitution and under the Fourteenth Amendment were violated by the multiple references to him at trial by the prosecutor and the expert witness. <u>See</u> ECF No. 12-8 at 3, 4, & 8.  However, nowhere in any state court pleading did either Petitioner or the court ever raise his claim of a Fifth Amendment violation or an equal protection claim, thus, this claim is not fully exhausted, either.

Petitioner's direct appeal was refused on March 21, 2001. He did not file a petition for *certiorari,* however, while still within the 90-day period during which he *could have* petitioned for *certiorari,* on April 2, 2001, he filed his Rule 35 motion for a sentence reduction in the Circuit Court of Calhoun County, thus tolling the one-year statute of limitations before it ever

even began to run. See <u>Wall v. Kholi</u>, 562 U.S. 545 (2011) (The one-year ADEPA clock stops running while a motion for sentence reduction is pending). The respondent concedes that the one year statute of limitations was statutorily tolled when Petitioner filed this April 2, 2001 petition for post-conviction relief with the Circuit Court of Calhoun County.  While that Rule 35 motion was still pending, Hunt filed his state habeas petition on September 27, 2006.  By the time the Circuit Court of Calhoun County finally denied his Rule 35 motion, almost nine years after he had filed it, his state habeas was already filed and still pending, continuing to toll the one-year statute of limitations.  The state habeas petition was granted by the Circuit Court of Calhoun County on January 21, 2014, but then timely appealed by the state.  The WVSCA issued its opinion on April 9, 2015, reversing the Circuit Court of Calhoun County.  Mandate issued on May 11, 2015.  Therefore, Petitioner's convictions never became final until May 11, 2015, the date the time for filing a petition for *certiorari* expired.  Pursuant to Rules 13.1 and 13.3 of the United States Supreme Court Rules, a request for further review of Petitioner's convictions by petition for *certiorari* could have been filed within the 90-day period following the reversal of Petitioner's victory at the state court level on his habeas petition. Accordingly, the clock on Petitioner's one year statute of limitations finally began to run on May 12, 2015, because the day of the event from which the statute of limitations begins to run is excluded in calculating the one year period.  <u>Hernandez v. Caldwell</u>, 225 F.3d 435, 439 (4th Cir. 2000). However, Petitioner had already timely filed his instant federal habeas corpus petition on March 17, 2016.  Nonetheless, by the time Petitioner finally filed his § 2254 petition, there were only 56 days remaining on his one-year limitation period.[8]  Because the time in which a federal habeas petition is pending does

---

[8] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2244(d). The limitation period shall run from the latest of:

not toll the running of the statute of limitations under 28 U.S.C. § 2244(d)(2), see Duncan v. Walker, 533 U.S. 167 (2001), having filed his § 2254 petition, Hunt's limitation period began to run again and is now long since expired.

Accordingly, Petitioner's two remaining unexhausted claims must be dismissed, because his time limitation has expired.

## IV.   Recommendation

For the reasons previously set forth, it is hereby recommended that the Respondent's Motion for Summary Judgment [ECF No. 32] be **GRANTED** and the petition [ECF No. 1] be **DENIED and DISMISSED with prejudice** from the active docket of this Court.

**Within fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections should also be submitted to the United States District Judge.  **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);  United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

---

A) the date on which the judgment of conviction becomes final by the conclusion of direct review of the expiration of the time for seeking such review;
B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1).

Where a federal prisoner does not file a petition for writ of *certiorari* with the United States Supreme Court, the one year limitation begins to run when the time for filing a writ - 90 days - expires. See Sup. Ct. R. 13.1.

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.  The Clerk is further directed to provide a copy of this Report and Recommendation electronically to Robert Hogan and Zachary A. Viglianco,  WV Office of the Attorney General, 812 Quarrier Street, 6th Floor, Charleston, WV 25301.

DATED: March 20, 2017

/s/   James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE