# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**RICHARD LEE HUNT, JR.,**

    Petitioner,

v.                                              **CIVIL ACTION NO.: 3:16-CV-29
(GROH)**

**DAVID BALLARD,**

    Respondent.

## AMENDED ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court for consideration of a Report and Recommendation ("R&R") issued by United States Magistrate Judge James E. Seibert. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of an R&R. On March 20, 2017, Magistrate Judge Seibert issued his R&R, which recommends that this Court grant the Respondent's Motion for Summary Judgment [ECF No. 32] and deny and dismiss with prejudice the Petitioner's 28 U.S.C. § 2254 petition [ECF No. 1].

Objections to Magistrate Judge Seibert's R&R were due within fourteen days of the Petitioner being served with a copy of the same. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Service was accepted at the Huttonsville Correctional Center in Huttonsville, West Virginia, on March 23, 2017. On April 3, 2017, the Petitioner timely filed his objections to the R&R [ECF No. 55].

## I. Background

On May 18, 2000, in Calhoun County, West Virginia, a jury convicted the Petitioner on two counts of sexual abuse in the first degree and two counts of sexual abuse by a custodian. ECF No. 12-1 at 6. The Petitioner filed a notice of intent to appeal, which was refused by the West Virginia Supreme Court of Appeals ("WVSCA") on March 21, 2001. ECF No. 12-2 at 2. Subsequently, the Petitioner filed a *pro se* habeas petition in the Circuit Court of Calhoun County [ECF No. 12-5] on September 27, 2006, which he amended through appointed counsel on May 12, 2008. See ECF No. 12-6.

On January 21, 2014, the circuit court entered a judgment order granting the Petitioner's amended petition, on the ground that the Petitioner was denied his right to a fair trial and due process. ECF No. 12-1 at 19. The state appealed, arguing "that the Circuit Court erred in its findings as to application of West Virginia law, or in the very least, in its conclusion that the facts as contained in Ground Eight [of the Petitioner's habeas petition] amounted to anything more than harmless error." ECF No. 12-7 at 9. The WVSCA agreed, and it reversed the circuit court's order. Ballard v. Hunt, 772 S.E.2d 199 (W. Va. 2015). It reasoned that although the prosecutor's comments and the expert opinion evidence as to pedophilia were improper under Rule 404(a) of the West Virginia Rules of Evidence, the error was harmless given that the state's evidence overwhelmingly established the Petitioner's guilt. Id. at 205.

In his § 2254 Petition, the Petitioner contends he was denied due process of law because of the unfair prejudice resulting from references to him as a pedophile during his trial. ECF No. 1 at 6. The Petitioner further asserts he was denied equal protection of

the law when the WVSCA ruled that the expert witness's opinion evidence was inadmissible, but nevertheless, it denied him a new trial. Id. at 9-10.

Here, the Respondent argues there is no clearly established federal law demonstrating that the admission of the expert's testimony, directly identifying the Petitioner as a pedophile, is so prejudicial that it constitutes a due process violation. ECF No. 33 at 7. Moreover, the Respondent avers that even if the admission of the propensity evidence constituted a violation of due process, Petitioner is still not entitled to habeas relief because the admission was merely harmless error. Id. at 11. The magistrate judge did not reach these arguments in the R&R because he found that neither of the Petitioner's claims have been fully exhausted.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, objections to a magistrate judge's R&R must be specific. See Orpiano v. Johnson, 687 F.2d 44, 48 (4th Cir. 1982); see also Parker v. Comm'r of Soc. Sec., No. 4:11cv00030, 2012 WL 1356593, at *3 (W. D. Va. Apr. 19, 2012). General objections or mere reiterations of arguments already presented to the magistrate judge "have the same effect as a failure to object" and do not warrant *de novo* review. Parker, 2012 WL 1356593, at *3 (internal quotations and citation omitted); see also United States v. Midgette, 478 F.3d 616, 621-22 (4th Cir. 2007); Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003). The Court is aware of the Petitioner's *pro se* status. *Pro se* pleadings are held to less stringent standards than those drafted by licensed attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Accordingly, the Court construes liberally

3

the Petitioner's arguments in opposition to the R&R, but it will not create objections where none exist. Thus, the Court will review *de novo* only those portions of the R&R to which the Petitioner has made specific objections. The remainder of the R&R to which "general and conclusory" objections have been made will be reviewed for clear error. See McGhee v. Colvin, 6:14-cv-02644-JMC, 2015 WL 5707866, at *1 (Sept. 25, 2015) (internal quotations and citation omitted).

### III. Discussion

The Petitioner raises several objections to the R&R. To the extent the Petitioner raises arguments that direct this Court to a specific error by the magistrate judge, the Court will conduct *de novo* review. See Orpiano, 687 F.2d at 47. However, to the extent the Petitioner's objections are general or conclusory in nature, or are mere reiterations of arguments already rejected by the magistrate judge, the Court is not obligated to conduct *de novo* review. McGhee, 2015 WL 5707866, at *1.

Here, the Petitioner objects to the magistrate judge's recommendation that Grounds Two and Three of his petition be dismissed as unexhausted because they were not fairly presented to the WVSCA. More specifically, he contends the circuit court and the WVSCA were both given the opportunity to consider, and did in fact consider, whether he was denied due process as a result of prejudicial statements made by the prosecutor and expert witness during his trial. This Court finds that the Petitioner has exhausted ground two of his petition, regarding whether his due process rights were violated, because that issue was fairly presented to and considered by the WVSCA. However, neither the circuit court nor the WVSCA were given the opportunity to consider the equal protection claim raised in ground three of the petition. Therefore, ground three has not

the Petitioner's arguments in opposition to the R&R, but it will not create objections where none exist. Thus, the Court will review *de novo* only those portions of the R&R to which the Petitioner has made specific objections. The remainder of the R&R to which "general and conclusory" objections have been made will be reviewed for clear error. See McGhee v. Colvin, 6:14-cv-02644-JMC, 2015 WL 5707866, at *1 (Sept. 25, 2015) (internal quotations and citation omitted).

### III. Discussion

The Petitioner raises several objections to the R&R. To the extent the Petitioner raises arguments that direct this Court to a specific error by the magistrate judge, the Court will conduct *de novo* review. See Orpiano, 687 F.2d at 47. However, to the extent the Petitioner's objections are general or conclusory in nature, or are mere reiterations of arguments already rejected by the magistrate judge, the Court is not obligated to conduct *de novo* review. McGhee, 2015 WL 5707866, at *1.

Here, the Petitioner objects to the magistrate judge's recommendation that Grounds Two and Three of his petition be dismissed as unexhausted because they were not fairly presented to the WVSCA. More specifically, he contends the circuit court and the WVSCA were both given the opportunity to consider, and did in fact consider, whether he was denied due process as a result of prejudicial statements made by the prosecutor and expert witness during his trial. This Court finds that the Petitioner has exhausted ground two of his petition, regarding whether his due process rights were violated, because that issue was fairly presented to and considered by the WVSCA. However, neither the circuit court nor the WVSCA were given the opportunity to consider the equal protection claim raised in ground three of the petition. Therefore, ground three has not

been fairly presented and shall be dismissed for lack of exhaustion. Accordingly, the Petitioner's objection is **OVERRULED IN PART**.

With regard to Ground Two, 28 U.S.C. § 2254(d) "bars relitigation of a claim 'adjudicated on the merits' in state court unless, among other exceptions, the earlier state-court 'decision' involved 'an unreasonable application' of 'clearly established Federal law, as determined by' this Court." Harrington v. Richter, 562 U.S. 86, 87 (2011) (quoting 28 U.S.C. § 2254(d)(1)). Even "[w]here the state-court decision has no explanation, the habeas petitioner must still show there was no reasonable basis for the state court to deny relief." Id.

An unreasonable application of federal law is different than an incorrect application. Williams v. Taylor, 529 U.S. 362, 410 (2000). "[A] federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly." Renico v. Lett, 559 U.S. 766, 772 (2010). This is a "highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." Id.

Therefore, this Court must determine whether the WVSCA unreasonably applied clearly established Federal law when it determined the admission of propensity evidence at the Petitioner's state trial was harmless error. Harrington, 562 U.S. at 87. This Court may not issue the writ merely because it disagrees with the state court's decision. Renico, 559 U.S. at 772. Rather, the WVSCA's decision must "be given the benefit of the doubt." Id.

5

Upon review, this Court cannot find the WVSCA's decision unreasonably applied Federal law. The WVSCA acknowledged the trial court's error in admitting the propensity evidence, but found it was subject to a harmless error analysis. Hunt, 772 S.E.2d at 204-05. The court proceeded to explain that "[t]he evidence of the State overwhelmingly established Hunt's guilt of the crimes charged." Id. at 205. The evidence included a telephone conversation between the Petitioner and the victim, the Petitioner's opportunities to commit the offense, testimony regarding the victim's behavior, and the Petitioner's harassment of the victim after the suspicions of abuse were reported. Id. The WVSCA determined, "the prosecutor's references and opinion testimony concerning pedophilia were absolutely unnecessary to establish Hunt's guilt." Id. The WVSCA's conclusion does not present an unreasonable application of Federal law. Further, the Petitioner has failed to show that the WVSCA had no reasonable basis for denying him relief. Harrington, 562 U.S. at 87. Therefore, pursuant to 28 U.S.C. § 2254(d), relitigation of ground two is prohibited. Id.

### IV. Conclusion

Therefore, the Court finds that Magistrate Judge Seibert's Report and Recommendation [ECF No. 52] should be, and is, hereby **ADOPTED IN PART**.[1] The Court **ORDERS** that the Respondent's Motion for Summary Judgment [ECF No. 32] is hereby **GRANTED**. The Court further **ORDERS** that the Petitioner's § 2254 petition [ECF No. 1] is **DENIED** and **DISMISSED WITHOUT PREJUDICE** and this case is **STRICKEN** from its active docket.

---

[1] Magistrate Judge Seibert's report and recommendation is adopted in part only insofar as it contradicts this Court's finding that ground two of the petition has been fully exhausted.

The Petitioner has not met the requirements for issuance of a certificate of appealability. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court denies a petitioner's claims on the merits, then "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "If, on the other hand, the denial was procedural, the petitioner must show 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Slack, 529 U.S. at 484). Here, upon a thorough review of the record, the Court concludes that the Petitioner has not made the requisite showing. Accordingly, the Petitioner's Motion for Certificate of Appealability [ECF No. 64] is **DENIED**.

The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Respondent. The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested.

**DATED:** August 14, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE